In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-399 CV


____________________



IN RE PATRICIA HODGE, WILLARD HODGE,


AND WHITE OAK DEVELOPERS, INC.







Original Proceeding






MEMORANDUM OPINION


 In this original proceeding for writ of mandamus, Patricia Hodge, Willard Hodge,
(collectively, "the Hodges") and White Oak Developers, Inc. ("White Oak"), challenge
the denial of their motions to abate the suit filed by the real parties in interest under the
Deceptive Trade Practices Act ("DTPA"). Consumers must give written notice to the
defendants at least sixty days before filing suit. Tex. Bus. & Com. Code Ann. §
17.505(a) (Vernon 2002). Defendants who do not receive written notice before being sued
may file a plea in abatement not later than the thirtieth day after filing an original answer. 
Tex. Bus. & Com. Code Ann. § 17.505(c) (Vernon 2002). Abatement is mandatory if,
after a hearing, the trial court finds that a party entitled to notice did not receive it. Tex.
Bus. & Com. Code Ann. § 17.505(d) (Vernon 2002). Unless the consumers controvert
the plea by filing an affidavit before the eleventh day after the filing of the plea, the
abatement is automatic beginning on the eleventh day after the plea is filed, provided the
plea in abatement is verified and alleges that the defendants did not receive the required
written notice. Id. In this case, the Hodges filed a verified plea in abatement within thirty
days of being sued under the DTPA and the consumers failed to timely controvert the plea. 
Thus, the suit was automatically abated and the trial court did not have the discretion to
deny the plea.

 Suit commenced January 14, 2003, with two plaintiffs and three defendants. When
the relators filed this mandamus proceeding, over 900 purchasers had joined the suit as
plaintiffs. In the trial court, the real parties in interest refer to themselves collectively as
"Emerson Home Buyers Association." They allege Willard Hodge is a developer/seller,
that White Oak is a land seller, and that Patricia Hodge is a mortgage broker and loan
officer in a scheme with many others to artificially inflate market values of manufactured
home land/home packages in order to cash out the resulting under-collateralized loans. 

 The twelfth amended petition identified thirty of seventy-five defendants as to whom
the purchasers alleged DTPA violations. In this petition, Willard Hodge and Patricia
Hodge were named only in allegations relating to conspiracy; none of the relators were in
the group of defendants accused of engaging in deceptive trade practices, and the plaintiffs
did not include the relators in the list of parties alleged to have been provided pre-suit
written notice of the claim. A fifth supplement to the twelfth amended petition added
White Oak Developers, Inc., as a defendant but contained no allegations of wrongdoing. 
White Oak filed its original answer on June 17, 2005. The thirteenth amended petition,
filed June 26, 2005, identified 132 individuals bringing DTPA claims against Willard
Hodge, forty individuals alleging DTPA violations by White Oak, and seven persons
asserting DTPA claims against Patricia Hodge. The plaintiffs' fourteenth amended
petition, filed the following day, made no material changes to the DTPA allegations against
the relators. 

 The Hodges filed their verified plea in abatement on July 22, 2005, within thirty
days of the first filing of DTPA claims against them. White Oak filed its verified plea in
abatement July 25, 2005, less than thirty days after it filed its original answer in the suit. 
The eleventh day after July 22, 2005 was August 2, 2005. The purchasers filed their
response to the Hodges' plea on August 4, 2005. The response contended the Hodges
waived the notice defect because they filed their plea in abatement ten months after they
filed their original answer. Finding the plea had been waived, the trial court denied the
Hodges' plea in abatement on August 23, 2005. The purchasers did not respond to White
Oak's plea, and the trial court's ruling addresses only the Hodges' plea in abatement. 

 The relators contend the purchasers failed to timely respond to the pleas in
abatement. The Hodges filed a verified plea in abatement that alleged they had not
received the notice required by Section 17.505(a). The plaintiffs did not file their verified
response by August 1, 2005; therefore, the suit was automatically abated as of August 2,
2005. Section 17.505 does not provide for reinstatement of the action absent the
consumers' compliance with the notice requirement. Tex. Bus. & Com. Code Ann. §
17.505(e) (Vernon 2002) ("An abatement under Subsection (d) continues until the 60th day
after the date that written notice is served in compliance with Subsection (a)"). Assuming
a trial court has the authority to rule that a defendant waived notice in the absence of a
timely filed controverting affidavit, the court did not have the discretion to so rule in this
case. The claims asserted against the Hodges in the twelfth amended petition did not
include DTPA violations; therefore, notice was not an issue as to the Hodges until the
thirteenth amended petition asserted DPTA claims against the relators. Having already
appeared and answered in the suit, the Hodges effectively answered each amended petition
on the day of its filing. See Tex. R. Civ. P. 92. By filing the pleas within thirty days of
the date of filing the DTPA claim, the relators effectively invoked the abatement procedure
of Section 17.505. To hold otherwise would permit plaintiffs to circumvent the statute by
waiting until the defendants' answers were on file for thirty days before adding DTPA
claims in an amended petition. 

 Under the circumstances present in this case, abatement was both mandatory and
automatic. The relators did not waive their rights to object to the lack of notice under
Section 17.505. Therefore, the trial court abused its discretion when it denied the plea in
abatement. We are confident the trial court will withdraw the order of August 23, 2005,
which denied the plea in abatement of Willard Hodge and Patricia Hodge, and proceed
with the abatement until sixty days after the plaintiffs comply with the written notice
requirement for their deceptive trade practices claims. (1) The writ will issue only if the trial
court fails to comply.

 WRIT CONDITIONALLY GRANTED.


 PER CURIAM



Submitted on November 17, 2005

Opinion Delivered January 19, 2006


Before McKeithen, C.J., Gaultney and Kreger, JJ.

1. A new Joint Case Management Order will be required to accommodate the
abatement.